UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

PAULETTE BARLATIER,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
　　　Plaintiff,　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　　）
FMHR LLC d/b/a FOUNTAIN MANOR　　　）
HEALTH & REHABILITATION CENTER,　　）
　　　　　　　　　　　　　　　　　　　）
　　　Defendant.　　　　　　　　　　　）
_____）

## **COMPLAINT**

Plaintiff PAULETTE BARLATIER ("Barlatier" or "Plaintiff") sues defendant FMHR LLC d/b/a FOUNTAIN MANOR HEALTH & REHABILITATION CENTER ("FMHR" or "Defendant") and alleges:

### **JURISDICTION AND VENUE**

1. Barlatier brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. § 1981; and the Florida Civil Rights Act, § 760.10, Fla. Stat. *et. seq*.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 1367(a). The jurisdiction of the Court is further invoked to secure protection for and to redress the deprivation of rights secured by Title VII and 42 U.S.C. § 1981, as well as, the Florida Civil Rights Act, § 760.10, Fla. Stat. *et. seq*.

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Barlatier occurred within this judicial district and because the Defendant has a principal place of business within the district and resides in the judicial district.

## PARTIES

4. Barlatier is a female of Black and Haitian descent and a resident of Broward County, Florida. However, she worked for Defendant in Miami-Dade County, Florida.

5. Since 1988, the Defendant has employed Barlatier as a nurse.

6. Barlatier, at all times relevant, was and is an "employee" of the Defendant as defined by Title VII of the 1964 Civil Rights Act and applicable Florida law.

7. FMHR is a Florida Limited Liability Company which operates a skilled nursing and rehabilitation center and is duly organized under the laws of the state of Florida, with offices within this judicial district.

8. At all times relevant and material, FMHR employed more than 15 employees and was Barlatier's employer within the meaning of Title VII, as amended, 42 U.S.C. § 2000(a) to (b) and Fla. Stat. § 760.02 (7).

9. The Defendant acted through its agents and representatives in promulgating, enforcing and maintaining the policies and practices referred to and complained of below.

10. The Defendant is and was responsible for the acts of its command staff, supervisors and officers, who were acting within the scope of their employment, pursuant to a policy, custom and/or practice of race and national origin discrimination.

## PROCEDURAL REQUIREMENTS

11. Barlatier timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against FMHR on February 22, 2021.

12. On or about September 27, 2021, the EEOC issued a Right to Sue Letter. The instant action is being filed within 90 days from receipt of the Right to Sue Letter.

13. More than 180 days have passed since Plaintiff filed her charge of discrimination with the EEOC.

14. All conditions precedent have been satisfied, waived, or excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

15. Barlatier is a Black female.

16. Specifically, Barlatier is of Haitian descent.

17. Defendant employed Barlatier as a nurse within its facility from 1988 until on or about November 28, 2020, when she was unlawfully terminated.

18. Prior to her termination, Barlatier was an exemplary employee and at all times performed her work admirably and to the Defendant's standards.

19. Prior to her termination, Plaintiff was under the supervision of the Director of Nursing, Ms. Elaine Toledo, a white Hispanic woman.

20. When Ms. Toledo became the Director of Nursing, she began reprimanding and terminating all the black Haitian staff members. She did not issue disciplinary actions or terminate any white or Hispanic employees.

21. Further, Ms. Toledo replaced the Black Haitian staff members with Hispanic or Caucasian individuals.

22. Plaintiff complained to Defendant regarding Ms. Toledo's unequal treatment of Black Haitian staff members.

23. On November 28, 2020, shortly after making an internal complaint concerning the discriminatory treatment of black Haitian employees, Plaintiff was terminated by Ms. Toledo.

## COUNT I: VIOLATION OF TITLE VII — DISCRIMINATION BASED ON BARLATIER'S RACE

24. Barlatier adopts and incorporates by reference the allegations in paragraphs 1 to 23 of this Complaint.

25. Barlatier is a member of a protected class of Black citizens.

26. Barlatier has been discriminated against by the Defendant on the basis of her race, as more fully described in paragraphs 15-23 of this Complaint.

27. Similarly situated employees who were not Black were not subjected to the conduct referred to in paragraphs 15 -23 of this Complaint.

28. The conduct referred to in paragraphs 15-23 of this Complaint was committed by the Defendant's Director of Nursing, Elaine Toledo.

29. The Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who are Black.

30. As a direct and proximate result of the foregoing, Barlatier has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

31. The racial discrimination of the Defendant toward Plaintiff was willful, intentional and with reckless disregard of Plaintiff's rights to employment under the law.

32. Barlatier has suffered damages of an on-going and continuous nature.

**WHEREFORE**, Barlatier requests that this Honorable Court:

   a. Enter judgment in Barlatier's favor and against the Defendant for its violations of Title VII;

   b. Award Barlatier actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

4

    c. Award Barlatier compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Barlatier has suffered and continues to suffer;

    d. Award Barlatier prejudgment interest on her damages award;

    e. Award Barlatier punitive damages;

    f. Award Barlatier reasonable costs and attorney's fees; and

    g. Grant such other and further relief, as this Court deems equitable and just.

### COUNT II: VIOLATION OF TITLE VII — DISCRIMINATION BASED ON BARLATIER'S NATIONAL ORIGIN

33. Barlatier adopts and incorporates by reference the allegations in paragraphs 1 to 23 of this Complaint.

34. Barlatier is a member of a protected class of Haitian-American citizens.

35. Barlatier has been discriminated against based on her national origin.

36. Barlatier was subject to disciplinary action and termination because she is of Haitian descent.

37. Similarly situated employees who are not of Haitian descent were not subjected to the conduct referred to in this Complaint.

38. The Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees of Haitian descent.

39. As a direct and proximate result of the foregoing, Barlatier has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

40. The discrimination of the Defendant on the basis of Plaintiff's national origin was willful, intentional and with reckless disregard of Plaintiff's rights to employment under the law.

41. Barlatier has suffered damages of an on-going and continuous nature.

**WHEREFORE**, Barlatier requests that this Honorable Court:

a. Enter judgment in Barlatier's favor and against the Defendant for its violations of Title VII;

b. Award Barlatier actual damages suffered, including lost wages and any other damages allowed to be recovered in a Title VII action;

c. Award Barlatier compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Barlatier has suffered and continues to suffer;

d. Award Barlatier punitive damages;

e. Award Barlatier prejudgment interest on her damages award;

f. Award Barlatier reasonable costs and attorney's fees; and

g. Grant Barlatier such other and further relief, as this Court deems equitable and just.

## **COUNT III: VIOLATION OF 42 U.S.C. § 1981**

42. Barlatier adopts and incorporates by reference the allegations in paragraphs 1 to 23 of this Complaint.

43. Barlatier is a member of a protected class of Black citizens.

44. Barlatier is also a member of a protected class of citizens of Haitian descent.

45. At all times relevant, Barlatier was in a contractual relationship with the Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

46. During the course of Barlatier's employment with the Defendant, the Defendant violated Barlatier's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non-Black/citizens of non-Haitian descent, in violation of 42 U.S.C.A. § 1981(b), as amended.

47. During the course of Barlatier's employment with the Defendant, Barlatier did not enjoy the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-Black/non-Haitian descent employees of the Defendant.

48. The Defendant's treatment, practices and policies directed toward Barlatier, as more fully described in paragraphs 15-23 of this Complaint, denied Barlatier the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-Black citizens/citizens of non-Haitian descent, in violation of 42 U.S.C.A. § 1981, as amended.

49. The Defendant's treatment, practices and policies directed toward Barlatier, as more fully described in paragraphs 15-23, denied Barlatier the right to make and enforce contracts as enjoyed by Caucasian or non-Black citizens/citizens of non-Haitian descent, in violation of 42 U.S.C.A. § 1981, as amended.

50. Through its actions and treatment of Barlatier, the Defendant intended to discriminate against Barlatier on the basis of Barlatier's race.

51. During the course of Barlatier's employment with the Defendant, Barlatier has been subjected to discrimination because of her race, as more fully described in paragraphs 15-23 of this Complaint.

52. As a direct and proximate result of the foregoing, Barlatier has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

53. The racial discrimination of the Defendant toward Plaintiff was willful, intentional and with reckless disregard of Plaintiff's rights to employment under the law.

54. Barlatier has suffered damages of an on-going and continuous nature.

**WHEREFORE,** Barlatier requests that this Honorable Court:

    a. Enter judgment in Barlatier's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

    b. Award Barlatier actual damages suffered;

    c. Award Barlatier compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress Barlatier has suffered;

    d. Award Barlatier punitive damages;

    e. Award Barlatier prejudgment interest on her damages award;

    f. Award Barlatier reasonable costs and attorney's fees; and

    g. Grant Barlatier such other and further relief, as this Court deems equitable and just.

## COUNT IV: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 — RACE DISCRIMINATION

55. Barlatier re-states and re-alleges paragraphs 1 through 23 as if set forth in full herein.

56. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

57. Barlatier is a member of protected class of Black citizens.

58. During the course of Barlatier's employment with the Defendant, Barlatier has been subjected to discriminatory employment actions because of her race, as more fully described in paragraphs 15-23 of this Complaint.

59. Barlatier was subjected to the conduct referred to in this Complaint because she is Black.

60. Similarly situated employees who are not Black were not subjected to the conduct described and referred to in paragraphs 15-23 of this Complaint.

61. Barlateir was qualified for her position while working for the Defendant.

62. The Defendant violated the Florida Civil Rights Act by discriminating against Barlatier because of her race in the terms, conditions, and privileges of her employment.

63. As a direct and proximate result of the Defendant's intentional conduct, Barlatier has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

64. Any alleged nondiscriminatory reason for this treatment of Barlatier by the Defendant is a mere pretext for the actual reason for discriminating against her based on her race.

65. The Defendant's actions were malicious and were recklessly indifferent to Barlatier's rights pursuant to Fla. Stat. § 760.10.

66. The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Barlatier requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Barlatier compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin;

d. Order the Defendant to make Barlatier whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

  f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

  g. Grant Barlatier costs of this action, including reasonable attorney's fees;

  h. Grant such other and further relief, as the Court deems just and proper.

## COUNT V: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 — NATIONAL ORIGIN DISCRIMINATION

67. Barlatier re-states and re-alleges paragraphs 1 through 23 as if set forth in full herein.

68. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq*., which states, in part, that it is an unlawful employment practice for an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

69. Barlatier is a member of protected classes of Haitian-American citizens.

70. During the course of Barlatier's employment with the Defendant, Barlatier has been subjected to discriminatory employment actions because of her national origin, as more fully described in paragraphs 15-23 of this Complaint.

71. Barlatier was subjected to the conduct referred to in this Complaint because she is of Haitian descent.

72. Similarly situated employees who are of Haitian descent were not subjected to the conduct described and referred to in paragraphs 15-23 of this Complaint.

73. Barlateir was qualified for her position while working for the Defendant.

74. The Defendant violated the Florida Civil Rights Act by discriminating against Barlatier because of her national origin in the terms, conditions, and privileges of her employment.

75. As a direct and proximate result of the Defendant's intentional conduct, Barlatier has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

76. Any alleged nondiscriminatory reason for this treatment of Barlatier by the Defendant is a mere pretext for the actual reason for discriminating against her based on her race and national origin.

77. The Defendant's actions were malicious and were recklessly indifferent to Barlatier's rights pursuant to Fla. Stat. § 760.10.

78. The aforementioned actions of the Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Barlatier requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award Barlatier compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin;

d. Order the Defendant to make Barlatier whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

g. Grant Barlatier costs of this action, including reasonable attorney's fees;

    h.    Grant such other and further relief, as the Court deems just and proper.

### COUNT VI: RETALIATION IN VIOLATION OF TITLE VII, 42 U.S.C.A. § 1981, AND THE FLORIDA CIVIL RIGHTS ACT OF 1992 — RACE AND NATIONAL ORIGIN DISCRIMINATION

79.    Barlatier repeats and realleges paragraphs 1 through 78 hereof, as if fully set forth herein.

80.    Barlatier engaged in protected activity by complaining about Elaine Toledo's discriminatory treatment of black Haitian employees.

81.    Only days after Barlatier complained of race and national origin discrimination, Defendant summarily fired Barlatier on or about November 28, 2020, allegedly because Barlatier manipulated her timesheets.

82.    Defendant's alleged reason for terminating Barlatier's employment is pretextual and baseless.

83.    Defendant fired Barlatier because she complained of race and national origin discrimination just before her termination.

84.    Barlatier suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

85.    Defendant intentionally violated Barlatier's rights under Title VII, 42 U.S.C.A § 1981, and the FCRA with malice or reckless indifference, and, as a result, is liable for punitive damages.

**WHEREFORE**, Barlatier requests that this Honorable Court:

    a.    Declare that the acts complained of herein are in violation of Title VII, 42 U.S.C.A. § 1981, and the Florida Civil Rights Act;

b. Award Barlatier compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin;

d. Order the Defendant to make Barlatier whole, by compensating her for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages;

g. Grant Barlatier costs of this action, including reasonable attorney's fees;

h. Grant such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Barlatier requests a trial by jury on all issues so triable.

Dated:  December 1, 2021.

Respectfully submitted,

**By:   /s/ Tanesha W. Blye**
Tanesha W. Blye, Esquire
Fla. Bar No.: 0738158
Email: tblye@saenzanderson.com

Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for the Plaintiff*